A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>20th JUDICIAL CIRCUIT | SUMMONS | CASE NO.<br>12- 02769 -CK<br>Hon. Jon A. VanAllsburg |
|---|---|---|

Court address: 414 Washington Ave, Rm. 320, Grand Haven, MI 49417

Court telephone no.: (616) 846-8315

**Plaintiff name(s), address(es), and telephone no(s).**
TwistHDM, LLC, Robert Niemiec, Lee Eilers, Warren Guthrie, and Gordon Stannis
c/o Atty.

v

**Defendant name(s), address(es), and telephone no(s).**
EITS Holdings, LLC
2901 West Coast Highway, Suite 200
Newport Beach, CA 92663-4045

Registered Agent:
Daniel M Grigsby
2102 Alton Parkway Suite A
Irvine CA 92606

**Plaintiff attorney, bar no., address, and telephone no.**
Jon M. Bylsma (P48790)
Varnum LLP
Bridgewater Place, PO Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: March 28, 2012
This summons expires: June 27, 2012
Court clerk: **DANIEL C. KRUEGER**
By: Mary _____ [deputy]

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between the parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**
Plaintiff(s) residence (include city, township, or village): County of Ottawa, City of Holland, Michigan
Defendant(s) residence (include city, township, or village): City of Newport Beach, California
Place where action arose or business conducted: Ottawa County, Michigan

Date: 3/27/2012
Signature of attorney/plaintiff: [signature] P48790

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

TWISTHDM, LLC, ROBERT NIEMIEC, LEE
EILERS, WARREN GUTHRIE, GORDON
STANNIS, and KURT DYKEMA,

Plaintiffs,

v

EITS HOLDINGS, LLC,

Defendant.

Case No. 12-02769-CK

Hon. Jon A. Van Allsburg

VARNUM LLP
Jon M. Bylsma (P48790)
Benjamin A. Anderson (P75670)
Attorneys for Plaintiffs
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

# FIRST AMENDED COMPLAINT

Plaintiffs, by and through their attorneys, Varnum LLP, state as their Amended Complaint against Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff TwistHDM, LLC ("TwistHDM") is a Michigan limited liability company with its principal place of business in Ottawa County, Michigan.

2. Plaintiff Robert Niemiec is an individual residing in Ottawa County, Michigan.

3. Plaintiff Kurt Dykema is an individual residing in Ottawa County, Michigan.

4. Plaintiff Lee Eilers is an individual residing in Ottawa County, Michigan.

5. Plaintiff Warren Guthrie is an individual residing in Ottawa County, Michigan.

1

6. Plaintiff Gordon Stannis is an individual residing in Allegan County, Michigan.

7. Upon information and belief, Defendant EITS Holdings, LLC ("EITS") is a Deleware limited liability company with its principal place of business in Newport Beach, California.

8. Venue is proper in this Court.

9. This Court has jurisdiction pursuant to MCR 2.605(A)(2) because there is an actual controversy within this Court's jurisdiction, necessitating a declaration of legal rights between the parties.

10. Further, the Court has jurisdiction because the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00).

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference the allegations in paragraphs 1 through 10 above as fully set forth herein.

12. Plaintiff TwistHDM is a company that uses advanced technology to more efficiently light parking garages.

13. On December 23, 2011, TwistHDM entered into an Agreement with Defendant EITS whereby EITS agreed to purchase 51% of TwistHDM. *See* **Exhibit A**, at ¶ 1.

14. The purchase price was set at two million dollars ($2,000,000.00). *Id.* at ¶ 2. This amount was subject to reduction of up to $350,000, to be calculated as 35% of the purchase price of the USC Limelight systems ("USC Sale"), in recognition of Defendant EITS having to fund that opportunity. *Id.* at ¶ 3.

15. The transfer of units and rights was to occur immediately upon signing of the Agreement and before payment of the full purchase price. *Id.* at ¶ 1.

2

16. The Agreement was signed by Plaintiffs and Defendant. *Id.*

17. The cash investment into TwistHDM was to be done using twelve equal monthly payments, starting in January, 2012. Since the purchase price discount based on the USC Sale was not clearly defined, the payments were to begin at the base amount of $137,500.00 per month, with the first payment to occur on the 16th of January, 2012. Subsequent payments were due on the 15th of the month, if on a business day, or the next business day if the 15th was not a business day. If Defendant EITS missed a payment, it had thirty days to correct any past due payment. *Id.* at ¶ 6.

18. Sellers had an option to rescind the transaction if EITS failed to make a payment required by paragraph 6. *Id.* at ¶¶ 4, 6.

19. Defendant EITS failed to make the required payment in January, February, and March of 2012. EITS also failed to correct any past due payment within thirty days, as required under the Agreement, and those payments are now past due per the Agreement.

## COUNT I -- DECLARATORY RELIEF

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 above as fully set forth herein.

21. Pursuant to the Agreement, if EITS did not make the required payments, then as its recourse, Plaintiff TwistHDM had the option to nullify the Agreement, returning the EITS investment, and regaining the 51% equity in TwistHDM. *Id.* at ¶¶ 4, 6.

22. Due to Defendant EITS' failure to make the required payments, Plaintiffs exercised their option under paragraph 4 of the Agreement and nullified the agreement, whereby Plaintiff TwistHDM regained the 51% equity transferred to Defendant EITS.

3

23. Defendant EITS has refused to honor Plaintiffs' election to nullify the agreement and return the 51% equity to the Plaintiff TwistHDM.

24. Defendant EITS instead claimed that, despite failing to pay any money for its equity share, it is the controlling member of TwistHDM and only it can nullify the Agreement.

25. As such, an actual controversy between the parties exists and it is necessary for this Court to adjudicate and declare the rights of the parties.

## PRAYER FOR RELIEF

Plaintiffs respectfully request a declaratory judgment providing the following judicial declarations:

1. Assuming the Agreement is valid, pursuant to paragraphs 4 and 6 of the Agreement, Plaintiffs have the right to nullify the Agreement and regain the 51% equity in Plaintiff TwistHDM.

2. Plaintiffs have nullified the Agreement, thereby regaining the 51% equity in Plaintiff TwistHDM.

3. EITS is no longer a member of Plaintiff TwistHDM and the parties have no further obligations under the agreement.

4. Award all other relief to which Plaintiffs may be entitled.

VARNUM LLP
Counsel for Plaintiffs

DATED: March 29, 2012        By: _____
                             Jon M. Bylsma (P48790)
                             Benjamin A. Anderson (P75670)
                             Business Address:
                                 333 Bridge Street, N.W.
                                 Grand Rapids, MI 49504
                                 (616) 336-6000

5072035_1.DOC

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

| | |
|---|---|
| TWISTHDM, LLC, ROBERT NIEMIEC, LEE EILERS, WARREN GUTHRIE, GORDON STANNIS, and KURT DYKEMA, | Case No. 12-02769-CK<br><br>Hon. Jon A. Van Allsburg |
| Plaintiffs, | |
| v | |
| EITS HOLDINGS, LLC, | |
| Defendant. | |

VARNUM LLP
Jon M. Bylsma (P48790)
Benjamin A. Anderson (P75670)
Attorneys for Plaintiffs
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

## PROOF OF SERVICE

SUSAN M. NAWARA, deposes and states that she is employed by the law offices of Varnum LLP, and that on March 29, 2012, she served copies of a SUMMONS, COMPLAINT, FIRST AMENDED COMPLAINT and this PROOF OF SERVICE, via United States certified mail, restricted delivery, return receipt requested upon:

Mr. Daniel M. Grigsby, Resident Agent
EITS HOLDINGS, LLC
2102 Alton Parkway, Suite A
Irvine, CA 92606

I declare that the statements above are true to the best of my information, knowledge and belief.

*Susan M. Nawara*
Susan M. Nawara

5072035_1.DOC

# EXHIBIT

# A

The principles adopted as part of this amendment are as follows:

(23 December 2011)

1.) 51% of TwistHDM LLC will be purchased by EITS Holdings LLC. 51% transfer of units and rights will occur immediately upon signing of this agreement, and a vote and amendment of operating agreement with signatures occur.
2.) The purchase price is $2,000,000.
3.) In recognition of EITS Holdings having to fund the USC opportunity, 35% of the purchase price of the USC Limelight systems will effectively reduce the TwistHDM purchase price. The expected USC opportunity is 8-10 units, where a unit is defined as a garage with 250 lights. The expected USC sales opportunity is $750-$1M, so the approximate maximum discount on the purchase price is $350k.
4.) The value that EITS brings to the relationship is commercialization support and cash infusion. If effective, this commercialization support will likely result in the joint sale of at least 60 units during 2012 and 2013 (1 unit = 250 radios). If actual sales are significantly lower than this goal, TwistHDM will have the option of nullifying this agreement, returning the EITS investment, and regaining the equity in TwistHDM. If a cash payment is not feasible, TwistHDM will return the EITS investment on a payment schedule with interest. (rate = prime + 3%) Payment schedule will be negotiated in good faith.
5.) As part of this agreement, TwistHDM will become the holding company for the IP. This will include the patented antenna and the bulb ballast patent application, and any future IP developed by Twisthink as directed and funded by TwistHDM.
6.) The cash investment in TwistHDM will be done using 12 equal monthly payments starting in January, 2012. Since the USC sale is not clearly defined, payments will begin at $137,500 per month and the total investment will be reconciled after the USC sales opportunity is understood. The first payment will be 16 January, 2012, with subsequent payments due on the 15th of the month if on a business day or next business day if 15th is not a business day. EITS Holdings will have 30 days to correct any past due payment. Should EITS not fulfill its commitment, then as its recourse, TwistHDM has the option available in item 4 to also be applicable here.
7.) The partnership is also intended to enable investment in future product for commercialization by TwistHDM. The strategic product roadmap may include occupancy sensing, vehicle sensing of parking spaces, or other opportunities not yet identified. It is our expectation that a strategy could be clarified and development activity could begin by June 2012.
8.) The exit strategy is to build the business for sale of the entity to a major lighting or building controls company in a 3-5 year time frame. If opportunities to sell the business arise and the original HDM equity holders wish to sell their equity, EITS Holdings LLC will have the first right of refusal to buy the equity from the HDM shareholders at the price that has been established by the offer/opportunity.
9.) The line of credit, currently in place at the Bank of Holland, will be co-managed by Robert Niemiec and EITS Holdings LLC. No actions are authorized, in reference to said current line of credit, without prior approval of BOTH parties.
10.) EITS Holdings LLC agrees to attempt to grow the business value of TwistHDM with minimal additional capital infusions. EITS Holdings LLC acknowledges the original TwistHDM equity holder's concerned regarding additional unnecessary dilution.
11.) TwistHDM staff will provide EITS Holdings LLC with a 2012 strategic plan assuming sales from 1.) existing TwistHDM sales channel 2.) Phillips sales channel 3.) 10-15 units from EITS Holdings LLC. The plan will also include recommended staff growth in Q1 and an initial plan for new product/feature development targeted to start late Q2.
12.) In support of EITS Holdings LLC commercialization efforts, TwistHDM will provide direct sales support. This support will initially be provided by Lee Eilers, but will likely transition to another individual in 2012.
13.) EITS Holdings acknowledges that Twisthink has been carrying a receivable owed by TwistHDM Holdings LLC in the amount of approximately $900k. This represents engineering services done at market rates. EITS Holdings agrees to work with Twisthink to eliminate that receivable in 2012. Twisthink agrees to discount the receivable by 30%.

14.) EITS Holdings LLC will act as Co-Manager of TwistHDM in accordance with the Operating Agreement, with the only exception being the current Bank of Holland line of credit, which will be controlled by this agreement.
15.) EITS Holdings LLC has, and will continue to have, the right to bring in other strategic members into EITS Holdings LLC.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date set forth in the heading.

TWISTHDM, LLC

By: _____
Robert Niemiec
Its: Co-Manager

By: _____
EITS Holdings LLC
Its: Co-Manager

MEMBERS:

_____
Robert Niemiec

_____
Gordon Stannis

_____
Kurt Dykema

_____
Lee Eilers

_____
Warren Guthrie

_____
EITS Holdings LLC
BY: Julian Dec Vaces
ITS Manager

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

TWISTHDM, LLC, ROBERT NIEMIEC, LEE
EILERS, WARREN GUTHRIE, and GORDON
STANNIS,

Case No. 12- 02769 -CK

Hon. Jon A. VanAllsburg

Plaintiffs,

**COMPLAINT**

v

EITS HOLDINGS, LLC,

Defendant.

_____/

VARNUM LLP
Jon M. Bylsma (P48790)
Benjamin A. Anderson (P75670)
Attorneys for Plaintiffs
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
_____/

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in this Complaint.

Plaintiffs, by and through their attorneys, Varnum LLP, state as their Complaint against Defendant as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff TwistHDM, LLC ("TwistHDM") is a Michigan limited liability company with its principal place of business in Holland, Michigan.

2. Plaintiff Robert Niemiec is an individual residing in Allegan County, Michigan.

3. Plaintiff Lee Eilers is an individual residing in Allegan County, Michigan.

4. Plaintiff Warren Guthrie is an individual residing in Allegan County, Michigan.

5. Plaintiff Gordon Stannis is an individual residing in Ottawa County, Michigan.

1

6.   Upon information and belief, Defendant EITS Holdings, LLC ("EITS") is a Deleware limited liability company with its principal place of business in Newport Beach, California.

7.   Venue is proper in this Court.

8.   This Court has jurisdiction pursuant to MCR 2.605(A)(2) because there is an actual controversy within this Court's jurisdiction, necessitating a declaration of legal rights between the parties.

9.   Further, the Court has jurisdiction because the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00).

## GENERAL ALLEGATIONS

10.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 9 above as fully set forth herein.

11.   Plaintiff TwistHDM is a company that uses advanced technology to more efficiently light parking garages.

12.   On December 23, 2011, TwistHDM entered into an Agreement with Defendant EITS whereby EITS agreed to purchase 51% of TwistHDM. *See* **Exhibit A**, at ¶ 1.

13.   The purchase price was set at two million dollars ($2,000,000.00). *Id.* at ¶ 2. This amount was subject to reduction of up to $350,000, to be calculated as 35% of the purchase price of the USC Limelight systems ("USC Sale"), in recognition of Defendant EITS having to fund that opportunity. *Id.* at ¶ 3.

14.   The transfer of units and rights was to occur immediately upon signing of the Agreement and before payment of the full purchase price. *Id.* at ¶ 1.

15.   The Agreement was signed by Plaintiffs and Defendant. *Id.*

16. The cash investment into TwistHDM was to be done using twelve equal monthly payments, starting in January, 2012. Since the purchase price discount based on the USC Sale was not clearly defined, the payments were to begin at the base amount of $137,500.00 per month, with the first payment to occur on the 16th of January, 2012. Subsequent payments were due on the 15th of the month, if on a business day, or the next business day if the 15th was not a business day. If Defendant EITS missed a payment, it had thirty days to correct any past due payment. *Id.* at ¶ 6.

17. Sellers had an option to rescind the transaction if EITS failed to make a payment required by paragraph 6. *Id.* at ¶¶ 4, 6.

18. Defendant EITS failed to make the required payment in January, February, and March of 2012. EITS also failed to correct any past due payment within thirty days, as required under the Agreement, and those payments are now past due per the Agreement.

## COUNT I -- DECLARATORY RELIEF

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 18 above as fully set forth herein.

20. Pursuant to the Agreement, if EITS did not make the required payments, then as its recourse, Plaintiff TwistHDM had the option to nullify the Agreement, returning the EITS investment, and regaining the 51% equity in TwistHDM. *Id.* at ¶¶ 4, 6.

21. Due to Defendant EITS' failure to make the required payments, Plaintiffs exercised their option under paragraph 4 of the Agreement and nullified the agreement, whereby Plaintiff TwistHDM regained the 51% equity transferred to Defendant EITS.

22. Defendant EITS has refused to honor Plaintiffs' election to nullify the agreement and return the 51% equity to the Plaintiff TwistHDM.

23. Defendant EITS instead claimed that, despite failing to pay any money for its equity share, it is the controlling member of TwistHDM and only it can nullify the Agreement.

24. As such, an actual controversy between the parties exists and it is necessary for this Court to adjudicate and declare the rights of the parties.

## PRAYER FOR RELIEF

Plaintiffs respectfully request a declaratory judgment providing the following judicial declarations:

1. Assuming the Agreement is valid, pursuant to paragraphs 4 and 6 of the Agreement, Plaintiffs have the right to nullify the Agreement and regain the 51% equity in Plaintiff TwistHDM.

2. Plaintiffs have nullified the Agreement, thereby regaining the 51% equity in Plaintiff TwistHDM.

3. EITS is no longer a member of Plaintiff TwistHDM and the parties have no further obligations under the agreement.

4. Award all other relief to which Plaintiffs may be entitled.

VARNUM LLP
Counsel for Plaintiffs

DATED: March 27, 2012         By: _____
                              Jon M. Bylsma (P48790)
                              Benjamin A. Anderson (P75670)
                              Business Address:
                              333 Bridge Street, N.W.
                              Grand Rapids, MI  49504
                              (616) 336-6000

5062739_1.DOC

# EXHIBIT

# A

The principles adopted as part of this amendment are as follows:

(23 December 2011)

1.) 51% of TwistHDM LLC will be purchased by EITS Holdings LLC. 51% transfer of units and rights will occur immediately upon signing of this agreement, and a vote and amendment of operating agreement with signatures occur.
2.) The purchase price is $2,000,000.
3.) In recognition of EITS Holdings having to fund the USC opportunity, 35% of the purchase price of the USC Limelight systems will effectively reduce the TwistHDM purchase price. The expected USC opportunity is 8-10 units, where a unit is defined as a garage with 250 lights. The expected USC sales opportunity is $750-$1M, so the approximate maximum discount on the purchase price is $350k.
4.) The value that EITS brings to the relationship is commercialization support and cash infusion. If effective, this commercialization support will likely result in the joint sale of at least 60 units during 2012 and 2013 (1 unit = 250 radios). If actual sales are significantly lower than this goal, TwistHDM will have the option of nullifying this agreement, returning the EITS investment, and regaining the equity in TwistHDM. If a cash payment is not feasible, TwistHDM will return the EITS investment on a payment schedule with interest. (rate = prime + 3%) Payment schedule will be negotiated in good faith.
5.) As part of this agreement, TwistHDM will become the holding company for the IP. This will include the patented antenna and the bulb ballast patent application, and any future IP developed by Twisthink as directed and funded by TwistHDM.
6.) The cash investment in TwistHDM will be done using 12 equal monthly payments starting in January, 2012. Since the USC sale is not clearly defined, payments will begin at $137,500 per month and the total investment will be reconciled after the USC sales opportunity is understood. The first payment will be 16 January, 2012, with subsequent payments due on the 15th of the month if on a business day or next business day if 15th is not a business day. EITS Holdings will have 30 days to correct any past due payment. Should EITS not fulfill its commitment, then as its recourse, TwistHDM has the option available in item 4 to also be applicable here.
7.) The partnership is also intended to enable investment in future product for commercialization by TwistHDM. The strategic product roadmap may include occupancy sensing, vehicle sensing of parking spaces, or other opportunities not yet identified. It is our expectation that a strategy could be clarified and development activity could begin by June 2012.
8.) The exit strategy is to build the business for sale of the entity to a major lighting or building controls company in a 3-5 year time frame. If opportunities to sell the business arise and the original HDM equity holders wish to sell their equity, EITS Holdings LLC will have the first right of refusal to buy the equity from the HDM shareholders at the price that has been established by the offer/opportunity.
9.) The line of credit, currently in place at the Bank of Holland, will be co-managed by Robert Niemiec and EITS Holdings LLC. No actions are authorized, in reference to said current line of credit, without prior approval of BOTH parties.
10.) EITS Holdings LLC agrees to attempt to grow the business value of TwistHDM with minimal additional capital infusions. EITS Holdings LLC acknowledges the original TwistHDM equity holder's concerned regarding additional unnecessary dilution.
11.) TwistHDM staff will provide EITS Holdings LLC with a 2012 strategic plan assuming sales from 1.) existing TwistHDM sales channel 2.) Phillips sales channel 3.) 10-15 units from EITS Holdings LLC. The plan will also include recommended staff growth in Q1 and an initial plan for new product/feature development targeted to start late Q2.
12.) In support of EITS Holdings LLC commercialization efforts, TwistHDM will provide direct sales support. This support will initially be provided by Lee Eilers, but will likely transition to another individual in 2012.
13.) EITS Holdings acknowledges that Twisthink has been carrying a receivable owed by TwistHDM Holdings LLC in the amount of approximately $900k. This represents engineering services done at market rates. EITS Holdings agrees to work with Twisthink to eliminate that receivable in 2012. Twisthink agrees to discount the receivable by 30%.

14.) EITS Holdings LLC will act as Co-Manager of TwistHDM in accordance with the Operating Agreement, with the only exception being the current Bank of Holland line of credit, which will be controlled by this agreement.

15.) EITS Holdings LLC has, and will continue to have, the right to bring in other strategic members into EITS Holdings LLC.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date set forth in the heading.

TWISTHDM, LLC

By: *[signature]*
Robert Niemiec
Its: Co-Manager

By: *[signature]*
EITS Holdings LLC
Its: Co-Manager

MEMBERS:

*[signature]*
Robert Niemiec

*[signature]*
Gordon Stannis

*[signature]*
Kurt Dykema

*[signature]*
Lee Eilers

*[signature]*
Warren Guthrie

*[signature]*
EITS Holdings LLC
BY: *Julian Dec Valle*
ITS Member